# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JUAN BAUTISTA LUGO,

    Petitioner,

v.                                      CASE NO. 8:08-CV-563-T-30TBM
                                              CRIM. CASE NO. 8:04-CR-457-T-30TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **O R D E R**

Petitioner has filed a Motion to Reconsider Order Denying Defendant's Motion for Certificate of Appealability ("motion for reconsideration") (CV Dkt. 19), and a Motion to Proceed In Forma Pauperis (CV Dkt. 20). Following the denial of the motion he filed pursuant to 28 U.S.C. § 2255, this Court denied Petitioner's application for a certificate of appealability, finding that he failed to demonstrate that reasonable jurists would find the Court's assessment of his claims debatable or wrong (Dkt. 18).

Petitioner fails to cite any legal authority for his motion for reconsideration. Accordingly, the Court will construe Petitioner's motion for reconsideration as a motion pursuant to Fed. R. Civ. P. 59(e).[1]

There are three grounds that justify granting a motion to alter or amend judgment: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *See Offices Togolais Des Phosphates v. Mulberry Phosphates*, *Inc.,* 62 F.Supp.2d 1316, 1331 (M.D. Fla. 1999). Rule 59(e), Fed.R.Civ.P., gives the

---

[1] "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). Petitioner filed his motion within 10 days of entry of the order denying his application for a certificate of appealability.

Court broad discretion to reconsider an order which it has entered. *See generally Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 684 (M.D. Fla.1996); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). Petitioner apparently relies on the third ground for relief as he does not argue an intervening change in law or the availability of new evidence.

Upon review of Petitioner's motion for reconsideration, the Court finds that he has failed to demonstrate clear error or manifest injustice or otherwise provide good cause for this Court to alter or amend its judgment. *See Offices Togolais Des Phosphates*, 62 F.Supp.2d at 1331.

Finally, there is no filing fee for motions for reconsideration, so the motion to proceed *in forma pauperis* will be denied as moot.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's Motion to Reconsider Order Denying Defendant's Motion for Certificate of Appealability (Dkt. 19) is **DENIED**.

2. Petitioner's Motion to Proceed In Forma Pauperis (CV Dkt. 20) is **DENIED** as moot.

**DONE** and **ORDERED** in Tampa, Florida on January 23, 2009.

                                                                         /s/ James S. Moody, Jr.
                                                                         JAMES S. MOODY, JR.
                                                                         UNITED STATES DISTRICT JUDGE

SA:sfc
<u>Copy furnished to</u>:
Counsel of Record